CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Derrick Chatman was convicted of aggravated assault and burglary of a dwelling following a bench trial in the Circuit Court of Washington County. Circuit Judge W. Ashley Hines, who presided over Chatman’s trial, sentenced Chatman to twenty years on the aggravated assault charge, with five years suspended, and twenty-five years for the burglary of a dwelling charge, with ten years suspended, with the sentences to run consecutively in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved by the
 
 *119
 
 judgment of the circuit court, Chatman appeals his convictions and sentences. The Mississippi Office of Indigent Appeals represents Chatman on appeal. Chat-man’s attorney filed a brief pursuant to
 
 Lindsey v. State,
 
 939 So.2d 743, 748 (¶ 18) (Miss.2005), wherein he asserts that he scoured the record in Chatman’s case and found no arguable issues for appeal that he could present to this Court in good faith. Following the procedure set forth in
 
 Lindsey,
 
 Chatman filed a pro se brief on his own behalf, raising five assignments of error. This Court has fully examined the record in Chatman’s case, and we likewise find no meritorious issues. Therefore, we affirm Chatman’s convictions and sentences.
 

 FACTS
 

 ¶ 2. Deena Parker lived with her three children and her mother in Greenville, Mississippi. On November 9, 2007, Deena and her seven-year-old daughter were asleep in Deena’s bed. At approximately 2:30 a.m., Deena received a phone call from Chatman. Chatman expressed to Deena that he wanted her to meet him in the storage room of her home to have sex. Deena declined Chatman’s invitation, explaining to him that she was tired and did not want to talk to him. Chatman called a second time, and Deena again informed Chatman that she did not want to talk to him.
 

 ¶ 3. Deena then went into her mother’s bathroom and looked through the window. Deena saw Chatman outside knocking on his sister’s door across the street. Chat-man left and called Deena again from another location. Deena did not answer Chatman’s third phone call.
 

 ¶ 4. At approximately 4:00 a.m., Deena heard her dog barking in the family’s backyard and noticed that one of the home’s motion-detection lights had been triggered. While phoning the Greenville police for help, Deena noticed someone’s shadow move past her bedroom window. Deena and her daughter went into the family room at the front of the house to await the police officers’ arrival.
 

 ¶ 5. However, before police officers could arrive, Chatman broke through the front door of the home and assaulted Deena, hitting her with a pipe. Chatman hit Deena with the pipe several times about her head and face. Deena kicked Chatman to get him away from her. As he approached Deena to hit her again, Chatman noticed that police officers had arrived at the home. Chatman then fled. Deena’s injuries required approximately ten stitches in her forehead and thirty-two staples in her scalp.
 

 ¶ 6. Kenneth Redfield, an officer with the Greenville Police Department, testified that he heard glass breaking and a woman crying as he exited his vehicle upon arriving at Deena’s home. He then observed Deena bleeding and saw a man run from the house. Another officer, Gregory Graves, pursued the man on foot, but Officer Graves was unable to apprehend him. Inside the house, Officer Redfield observed overturned furniture, blood spattered on the wall of the living room, and a pipe. Blood appeared to be on the pipe. However, neither the State nor Chatman requested testing or analysis of the substance on the pipe.
 

 ¶ 7. Notably, Chatman testified in his own defense at trial. According to Chat-man, he went to Deena’s house to retrieve a pipe he needed for his trailer. He saw Deena with another man, and he “lost [his] cool.” Chatman claimed that he did not kick the door open. Further, Chatman testified that he could not remember much of the incident after he hit Deena with the pipe. In short, Chatman admitted his presence at the crime scene and also ad
 
 *120
 
 mitted the overt act of hitting Deena, albeit in a heat of passion or anger.
 

 ¶ 8. Consequently, following the bench trial, the trial judge convicted Chatman of both counts and sentenced Chatman to twenty years for the aggravated assault conviction, with five years suspended, and twenty-five years for the burglary of a dwelling conviction, with ten years suspended, with the sentences to run consecutively in the custody of the MDOC. Upon review, we find no error and affirm.
 

 DISCUSSION
 

 ¶ 9. The supreme court in
 
 Lindsey
 
 implemented the following procedure to govern cases in which counsel for indigent defendants find no arguable issues to present on appeal:
 

 (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(l)-(4), (7)....
 

 (2) As part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing....
 

 (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief....
 

 (4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal ....
 

 (5)Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
 

 Lindsey,
 
 939 So.2d at 748 (¶ 18) (internal citations and footnotes omitted).
 

 ¶ 10. Chatman’s appellate counsel complied with the procedures set forth in
 
 Lindsey.
 
 Chatman’s counsel filed a brief stating that he examined the entire record, including the following specific items:
 

 (a) the reason for the arrest and the circumstances surrounding the arrest of Derrick Chatman; (b) any possible violations of Mr. Chatman’s right to counsel; (c) the entire trial transcript and content of the record; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions (n.a.); (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing; (i) the indictment and all the pleadings in the record; and any possible ineffective assistance of counsel issues.
 

 ¶ 11. Further, Chatman’s appellate counsel informed Chatman of his right to file a pro se brief and requested additional time to allow Chatman to file such a brief if he chose to do so.
 
 See Lindsey,
 
 939 So.2d at 748 (¶ 18). Chatman then filed a brief on his own behalf, asserting several errors in the trial court. However, after an examination of Chatman’s pro se supplemental brief and our thorough review of the record in this case, we find that Chat-man raises no arguable issues in support of his appeal which merit discussion on
 
 *121
 
 review. Therefore, we affirm Chatman’s convictions and sentences.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCE OF TWENTY YEARS, WITH FIVE YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, AND COUNT II, BURGLARY OF A DWELLING, AND SENTENCE OF TWENTY-FIVE YEARS, WITH TEN YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.